1    ASIM K. DESAI [CA State Bar No. 175402]
2    adesai@ccplaw.com
     MARGARET M. DRUGAN [CA State Bar No. 175324]
3    mdrugan@ccplaw.com
     CARLSON, CALLADINE & PETERSON LLP
4    333 South Grand Avenue, Suite 3500
     Los Angeles, California  90071
5     (213) 613-1191/Facsimile (213) 617-1191
6
7    Attorneys for Defendants,
     ACE FIRE UNDERWRITERS INSURANCE COMPANY
8    and PACIFIC EMPLOYERS INSURANCE COMPANY
9

**FILED**
CLERK, U.S. DISTRICT COURT
JUL - 1 2013
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

10                  UNITED STATES DISTRICT COURT

11       FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

12

13   VENUE MANAGEMENT SYSTEMS,        Case No.:  **CV13-04747 -GW**
     INC., and 1430 NORTH CAHUENGA                       - (Clk)
14   PARTNERS, LP dba CABANA
15   CLUB,
                                      **DEFENDANTS ACE FIRE**
16             Plaintiff,             **UNDERWRITERS INSURANCE**
                                      **COMPANY AND PACIFIC**
17        vs.                         **EMPLOYERS INSURANCE**
                                      **COMPANY NOTICE OF REMOVAL**
18   ACE FIRE UNDERWRITERS            **OF ACTION RE: LOS ANGELES**
     INSURANCE COMPANY &              **SUPERIOR COURT, CASE NO. BC**
19   PACIFIC EMPLOYERS INSURANCE      **496344**
     COMPANY, a business entity, form
20   unknown; and DOES 1 to 300,      [Filed Concurrently with Notice of
     inclusive,                       Interested Parties; Application to File
21                                    Under Seal and Declaration of Margaret
               Defendants.            M. Drugan]
22

23

24   **TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR**

25   **ATTORNEYS OF RECORD:**

26        **PLEASE TAKE NOTICE** that Defendants, ACE FIRE UNDERWRITERS

27   INSURANCE   COMPANY   and   PACIFIC   EMPLOYERS   INSURANCE

28

_____
                DEFENDANTS' REMOVAL PETITION

1  COMPANY (collectively, "ACE"), acting jointly, hereby remove the state court

2  action described below based on diversity jurisdiction pursuant to 28 U.S.C. §

3  1441(a) and (b).

4      1.      ACE is informed and believe and thereon allege that on or about

5  November 27, 2012, plaintiffs Venue Management Systems, Inc. and 1430 North

6  Cahuenga Partners, LP (collectively, "Plaintiffs") commenced an action in the

7  Superior Court of California, Los Angeles County, entitled *Venue Management*

8  *Systems, Inc. and 1430 North Cahuenga Partners, LP v. Ace Fire Underwriters*

9  *Insurance Company and Pacific Employers Insurance Company and Does 1*

10  *through 300, inclusive,* Case No. BC496344 ("State Action"). A true and correct

11  copy of the Complaint for: (1) Declaratory Relief; (2) Breach of Contract; (3)

12  Breach of the Implied Covenant of Good Faith and Fair Dealing, (4) Intentional

13  Interference with Prospective Economic Advantage; (5) Negligent Interference with

14  Prospective Economic Advantage; and (6) Defamation Per Se ("Complaint") and

15  exhibits served by Plaintiffs on ACE in the State Action are collectively attached

16  hereto as Exhibit "A."

17     2.      The first date upon which defendants ACE received a copy of the

18  Complaint was December 7, 2012, when ACE was served with a copy of the

19  Summons and Complaint. A true and correct copy of the Notice of Service of

20  Process on ACE on December 7, 2012 is attached hereto as Exhibit "B."

21     3.      **Diversity of Citizenship:** Plaintiff Venue Management Systems, Inc.

22  is a California corporation with its principal place of business in San Dimas,

23  California. Attached hereto as Exhibit "C" is information obtained from the

24  California Secretary of State's website identifying Plaintiff as a California

25  corporation. When the Complaint was originally filed in state court, the entity

26  designation of Plaintiff 1430 North Cahuenga Partners, LP was incorrectly

27  identified as a California corporation when it is in fact a California limited

28  partnership. Attached hereto as Exhibit "D" is information obtained from the

2

1 California Secretary of State's website identifying Plaintiff 1430 North Cahuenga

2 Partners, LP as a limited partnership.

3     4.    In suits by or against a partnership, the citizenship of all partners –

4 general and limited - is attributed to the partnership for diversity purposes. *Carden*

5 *v. Arkoma Associates* (1990) 494 US 185, 195. Partnerships are treated as citizens

6 of each state of which its members are citizens (*Ibid.*) Its citizenship for diversity

7 purposes is determined by examining the citizenship of all of its partners –not the

8 location of the entity itself. *Lincoln Property Co.` v. Roche* (2005) 546 U.S. 81, 84;

9 *Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group* (9th Cir. 1987) 823

10 F.2d 302, 304. This includes multi-tiered partnerships in which one of the partners

11 itself is a partnership. In such cases, the citizenship of all partners at all levels must

12 be considered in determining if there is complete diversity. *Carden, supra,* 494 US

13 at 195-196. The state court complaint did not identify the general and/or the limited

14 partners of the limited partnership and/or the citizenship and domicile of the general

15 and limited partners. Moreover, such information was not available publicly.

16 (Drugan Decl., ¶ 2.) Therefore, it was unknown at the time of the service of the

17 complaint on Defendants ACE whether diversity of citizenship existed.

18     5.    Since the names and citizenship of the general partner and the limited

19 partners of the California limited partnership were not publicly available, on January

20 18, 2013, the ACE Defendants served on Plaintiffs special interrogatories which

21 sought the names of all of the general and limited partners of 1430 North Cahuenga

22 Partners, LP and the citizenship of each general and limited partner both at the time

23 of filing of the action and at the time of responding to the discovery. The Special

24 Interrogatories served on Plaintiff 1430 North Cahuenga Partners, LP is attached as

25 Exhibit "1" to the Declaration of Margaret M. Drugan filed concurrently with this

26 petition. The Special Interrogatories served on Plaintiff Venue Management

27 Systems, Inc. is attached as Exhibit "2" to the Drugan Declaration.

28

CARLSON
CALLADINE &
PETERSON
333
S.
Los
Angeles,
lat
IT Gba,
CA, B ND
90017 35 Ave

3

CARLSON
CALLADINE &
PETERSON

333
Los
AngeSu  S.
leS, IT GRA
CA, E ND
9007 35 AVE

6.     On March 4, 2013, Plaintiff Venue Management Systems, Inc. served its responses to the Special Interrogatories and stated that it is a California corporation with it principal place of business in San Dimas, California. Attached as Exhibit "3" to the Drugan Declaration is a copy of those responses.  On that same day, Plaintiff 1430 North Cahuenga Partners, LP served its responses to the Special Interrogatories served by the ACE Defendants. Attached as Exhibit "4" to the Drugan Declaration is a copy of those responses. Plaintiff 1430 North Cahuenga Partners, LP objected to the interrogatories seeking the identity, citizenship and domicile of the general and limited partners of 1430 North Cahuenga Partners, LP on the basis of privacy as well as other objections.

7.     After meeting and conferring between counsel for Plaintiffs and the ACE Defendants, Plaintiff 1430 North Cahuenga Partners, LP agreed to provide the identity, citizenship and domicile of the general partner and limited partners of 1430 North Cahuenga, LP if the ACE Defendants would agree to keep the identity of the general partner and limited partners confidential except for the purposes of filing this removal petition which would include an application to file the names of the limited partners under seal. (Drugan Decl., ¶ 5, Exh. 5.)

8.     On May 31, 2013, Plaintiff 1430 North Cahuenga Partners, LP served its Supplemental Responses to Special Interrogatories which included a list of the limited partners and their respective citizenship/domiciles. Attached as Exhibit "6" to the Drugan Declaration is a copy of the supplemental response by Plaintiff 1430 North Cahuenga Partners, LP without the list of names of the limited partners and their respective citizenship/domiciles. The list of names and citizenship/domiciles of the limited partners of Plaintiff 1430 North Cahuenga Partners, LP is attached to the Application to File Under Seal which is being filed in conjunction with this removal petition.

9.     The instant action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.  This action may be removed to this Court

4

1   by the ACE Defendants pursuant to 28 U.S.C. §§ 1441(a) and 1441(b) because it is

2   a controversy between citizens of different states and the amount in controversy

3   exceeds the sum of $75,000, exclusive of interest and costs.

4       10.   By virtue of Plaintiffs' supplemental responses to special

5   interrogatories served on May 31, 2013, it is now established that complete diversity

6   of citizenship exists in that Plaintiff Venue Management System, Inc. is a California

7   corporation with its principal place of business in San Dimas, California.  Plaintiff

8   1430 North Cahuenga Partners, LP and its general partner and limited partners are

9   citizens of the States of California, North Carolina, Hawaii, New Jersey, New York,

10  Ohio, Washington, Nevada and Arizona. Defendant Ace Fire Underwriters

11  Insurance Company is a Pennsylvania corporation with its principal place of

12  business in Philadelphia, Pennsylvania. Defendant Pacific Employers Insurance

13  Company is a Pennsylvania corporation with its principal place of business in

14  Philadelphia, Pennsylvania. Attached hereto as Exhibit "E" is information obtained

15  from the California Secretary of State's website identifying Ace Fire Underwriters

16  Insurance Company as a Pennsylvania corporation with its principal place of

17  business in Philadelphia, Pennsylvania. Attached hereto as Exhibit "F" is

18  information obtained from the California Secretary of State's website identifying

19  Pacific Employers Insurance Company as a Pennsylvania corporation with its

20  principal place of business in Philadelphia, Pennsylvania.

21      11.   **Amount in Controversy:**  The state court complaint failed to allege

22  the amount of damages sought by each Plaintiff against the ACE Defendants. As

23  such, the ACE Defendants served Plaintiffs with Requests for Admissions regarding

24  the damages sought by each plaintiff against the ACE Defendants. The Request for

25  Admission, Set 1 served on Plaintiff VMS is attached to the Drugan Declaration as

26  Exhibit "7."  The Request for Admission, Set 1 served on Plaintiff 1430 North

27  Cahuenga Partners, LP is attached to the Drugan Declaration as Exhibit "8." On

28  March 4, 2013, both Plaintiffs served their respective responses to the Requests for

CARLSON
CALLADINE &
PETERSON
Los
Angeles
la, IT
CA, E NO
9007 35 AVE
333
S.

5

Admissions and objected to the request without denial or admission. Plaintiff VMS's Response to Request for Admission, Set No. 1 is attached to the Drugan Declaration as Exhibit "9." Plaintiff 1430 North Cahuenga Partners, LP's Response to Request for Admission, Set No. 1 is attached to the Drugan Declaration as Exhibit "10."

12. After counsel for Plaintiffs and Defendants met and conferred regarding Plaintiffs' respective responses to the Requests for Admissions, Plaintiffs agreed to supplement their responses. (Drugan Decl., ¶ 9.) On May 31, 2013, Plaintiff 1430 North Cahuenga Partners, LP served its Supplemental Response to Request for Admission, Set No. 1 which is attached to the Drugan Declaration as Exhibit "11." Plaintiff VMS's Supplemental Response to Request for Admission, Set No. 1 which is attached to the Drugan Declaration as Exhibit "12" was served on June 28, 2013. In the supplemental responses, each Plaintiff confirms that they individually seek damages against the ACE Defendants in excess of $75,000.

13. Plaintiffs have named "DOES 1 through 300, inclusive" as defendants to this action. Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names (*i.e.*, "Does") shall be disregarded.

14. Other than "Doe" defendants, the ACE Defendants are the only defendants that have been named in this action and they have filed this Notice of Removal jointly.

15. Defendants have received notice that the Los Angeles County Superior Court has scheduled a Case Management Conference on July 2, 2013 in Department 40 at 111 North Hill Street, Los Angeles, CA 90012. According to the Los Angeles County Superior Court's online docket, no other hearings or conferences are set for this action. The ACE Defendants have received no other notices of upcoming hearings or conferences. The ACE Defendants did file and serve an Answer to the Complaint on January 18, 2013. The answer is attached hereto as Exhibit "G."

6

16.     The ACE Defendants have served this Notice of Removal upon Plaintiffs VMS and 1430 North Cahuenga Partners, LP as set forth on the attached Proof of Service.  The manner of service is also set forth in the attached Proof of Service.

17.     The ACE Defendants, upon filing this Notice of Removal in the Office of the Clerk of the United States District Court for the Central District of California, have also filed a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Los Angeles, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. § 1446.

18.     This Notice is being filed with this Court within thirty (30) days of receipt by the ACE Defendants, through service or otherwise, of the discovery responses necessary to establish the basis upon which this removal is based. i.e. diversity of citizenship; and within one (1) year of the initial filing date of the action, as provided by 28 U.S.C. § 1446.

WHEREFORE, Defendants Ace Fire Underwriters Insurance Company and Pacific Employers Insurance Company jointly respectfully request that the Court remove this action to the United States District Court for the Central District of California, as if originally commenced therein.

Dated: June 28, 2013          CARLSON, CALLADINE & PETERSON LLP


By: _____
              Asim K. Desai
              Margaret M. Drugan
         Attorneys for Defendants,
         ACE FIRE UNDERWRITERS INSURANCE
         COMPANY and PACIFIC EMPLOYERS
         INSURANCE COMPANY

7

EXHIBIT A

COPY

1

**P. K. SCHRIEFFER LLP**
Paul K. Schrieffer, Esq.      (CSB#151358)
Stanley R. Escalante, Esq.    (CSB#192474)
100 North Barranca Street, Suite 1100
West Covina, California 91791
Telephone:    (626) 373-2444
Facsimile:     (626) 974-8403

Counsel for Plaintiffs VENUE MANAGEMENT SYSTEMS, INC.
and 1430 NORTH CAHUENGA PARTNERS, LP dba CABANA CLUB

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 27 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
May Horn

2

3

4

5

6

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

11

VENUE MANAGEMENT SYSTEMS,
INC., and 1430 NORTH CAHUENGA
PARTNERS, LP dba CABANA CLUB

Plaintiffs,

v.

ACE FIRE UNDERWRITERS
INSURANCE COMPANY & PACIFIC
EMPLOYERS INSURANCE COMPANY,
a business entity, form unknown; and
DOES 1 to 300, inclusive,

Defendants.

Case No.: _____

BC 49 6344

Assigned for All Purposes to _____

COMPLAINT OF VENUE
MANAGEMENT SYSTEMS, INC. AND
1430 NORTH CAHUENGA PARTNERS,
LP dba CABANA CLUB FOR:

1.  **DECLARATORY RELIEF**
    (Duty to Indemnify)

2.  **BREACH OF CONTRACT**

3.  **BREACH OF IMPLIED
    COVENANT OF GOOD FAITH
    AND FAIR DEALING**

4.  **INTENTIONAL INTERFERENCE
    WITH PROSPECTIVE ECONOMIC
    ADVANTAGE;**

5.  **NEGLIGENT INTERFERENCE
    WITH PROSPECTIVE ECONOMIC
    ADVANTAGE**

6.  **DEFAMATION *PER SE***

Complaint Filed: _____
Trial Date:          None

TO THE HONORABLE COURT, TO ALL PARTIES HEREIN AND TO THEIR

1

COMPLAINT OF VENUE MANAGEMENT SYSTEMS, INC. AND
1430 NORTH CAHUENGA PARTNERS, LP dba CABANA CLUB

EXH A
000001

1  RESPECTIVE ATTORNEYS OF RECORD:

2      COMES NOW Plaintiffs VENUE MANAGEMENT SYSTEMS, INC. (hereinafter as

3  "VMS") and 1430 NORTH CAHUENGA PARTNERS, LP dba CABANA CLUB (hereinafter

4  as "CABANA CLUB"), and hereby complain and allege as follows:

5

6                          GENERAL ALLEGATIONS

7      1.    Plaintiff VENUE MANAGEMENT SYSTEMS, INC. (hereinafter as "VMS") is,

8  and was at all times material to this action, a corporation duly organized and existing under and

9  by virtue of the laws of the United States of America, authorized to transact, and in fact

10  transacting, business in the County of Los Angeles, State of California.

11      2.    Plaintiff 1430 NORTH CAHUENGA PARTNERS, LP dba CABANA CLUB

12  (hereinafter as "CABANA CLUB") is, and was at all times material to this action, a corporation

13  duly organized and existing under and by virtue of the laws of the United States of America,

14  authorized to transact, and in fact transacting, business in the County of Los Angeles, State of

15  California.

16      3.    VMS and CABANA CLUB (hereinafter collectively as "PLAINTIFFS") are

17  informed and believe, and thereupon allege, that Defendant ACE FIRE UNDERWRITERS

18  INSURANCE COMPANY & PACIFIC EMPLOYERS INSURANCE COMPANY (hereinafter

19  as "ACE USA"), a business entity, form is unknown, is, and was at all times relevant to this

20  action, admitted in the State of California to transact the business of insurance, and in fact

21  transacting business as an insurer, in the County of Los Angeles, State of California.

22      4.    PLAINTIFFS are informed and believe, and thereupon allege, that DOE 1

23  through DOE 300, Inclusive, are business entities whose forms are unknown, duly authorized to

24  transact, and in fact transacting, business in the County of Los Angeles, State of California.

25      5.    PLAINTIFFS are unaware of the true names and capacities, whether corporate,

26  individual, associate, or otherwise of the other defendants, and therefore sue these defendants by

27  fictitious names DOE 1 through DOE 300, inclusive, pursuant to *Cal. Civ. Proc. Code* Section

28  474. When PLAINTIFFS ascertain the identities and exact nature of such fictitious defendants,

PKS CHERFER LLP
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone: (626) 373-2444
Facsimile: (626) 974-8403
www.pksllp.com

2

EXH A
000002

1   they will seek leave of this Court to amend this Complaint to assert the true names thereupon.

2        6.    PLAINTIFFS are informed and believe, and thereupon allege, that the fictitiously

3   named defendants sued herein by fictitious names DOE 1 through DOE 300, inclusive, and each

4   of them, are in some manner responsible for the acts herein alleged.

5        7.    PLAINTIFFS are informed and believe, and thereupon allege, that the named

6   defendants, and each of them, the fictitiously named defendants sued herein by fictitious names

7   DOE 1 through DOE 300, inclusive, and each of them, were the agents and/or employees of the

8   other remaining defendants and were at all times acting within the purpose and scope of such

9   agency and/or employment.

10

11   <u>ALLEGATIONS REGARDING THE ACE USA POLICIES OF INSURANCE</u>

12        8.    VMS is, and was at all times material to the above-captioned action, a

13   Professional Employers Organization (hereinafter as "PEO").  In this capacity, VMS acts,

14   among other things, as a payroll service and human resources department for hire, for its clients.

15        9.    CABANA CLUB is, and was at all times material to the above-captioned action,

16   a client of VMS for whom VMS provided PEO services.

17       10.    In connection with the performance of its services as a PEO for CABANA

18   CLUB, VMS procured workers compensation policies of insurance on behalf of CABANA

19   CLUB including, but not necessarily limited to, Policy Number C45184687, with an effective

20   policy period of 12-13-08 to 12-13-09 and Policy Number C45874904, with an effective policy

21   period of 12-13-09 to 12-13-10 (hereinafter collectively as the "ACE USA Policies").

22       11.    In conformance with applicable and governing California law, VMS procured the

23   Subject Policies in the name of CABAN CLUB, as its client, and the ACE USA Policies were

24   issued by ACE USA.

25       12.    PLAINTIFFS are informed and believe, and thereupon allege, that CABANA

26   CLUB, as the named insured, duly performed each and every covenant and/or condition of the

27   operative ACE USA Policies including, but not necessarily limited to, paying all premiums due

28   thereunder in a timely fashion so as to maintain coverage as current at all times relevant hereto.

PK SCHEFFER LLP
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone: (626) 373-2444
Facsimile: (626) 974-8403
www.pkslp.com

3

EXH A
000003

13.    PLAINTIFFS are informed and believe, and thereupon allege, that the ACE USA Policies obligated ACE USA to defend and indemnify CABANA CLUB against any suit in which damages are sought, as well as in any claim made for damages.

14.    PLAINTIFFS are informed and believe, and thereupon allege, that ACE USA did, in fact, adjust and pay claims made pursuant to the ACE USA Policies.

#### ALLEGATIONS REGARDING THE ACE USA POLICIES

15.    PLAINTIFFS are informed and believe, and thereupon allege, that during the operative policy periods of the ACE USA Policies, various and multiple claimants alleged facts that created the potential for an award of damages that was within the scope of coverage provided by the ACE USA Policies.

16.    PLAINTIFFS are informed and believe, and thereupon allege, that all such claims were made, adjusted and paid pursuant to the ACE USA Policies.

17.    PLAINTIFFS are informed and believe, and thereupon allege, that all such claims made, adjusted and paid pursuant to the ACE USA Policies were done so properly, legitimately, legally, and in conformance with applicable and governing California law as well as the terms of the ACE USA Policies themselves.

18.    PLAINTIFFS are informed and believe, and thereupon allege, that notwithstanding the foregoing, in or about 2012, ACE USA, through its agents, including, but not necessarily limited to, Jack Keenan of ACE USA's Global Fraud Unit, wrongfully and without proper justification initiated a fraud investigation in connection with the ACE Policies.

19.    PLAINTIFFS are informed and believe, and thereupon allege, that ACE USA wrongfully, incorrectly, and illegally, took the position that the aforementioned claims that were made, adjusted and paid pursuant to the ACE USA Policies were done so improperly, illegitimately and illegally.

20.    PLAINTIFFS are informed and believe, and thereupon allege, that ACE USA thereafter wrongfully, incorrectly, and illegally, demanded reimbursement for all sums paid pursuant to the ACE USA Policies.

PKK SCHREIFFER LLP
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone: (626) 373-2444
Facsimile: (626) 974-8405
www.pkslp.com

EXH A
000004

PK SCHRIEFFER LLP
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone: (626) 373-2444
Facsimile: (626) 974-8403
www.pksllp.com

# FIRST CAUSE OF ACTION

### (For Declaratory Relief Regarding the Duty to Indemnify
### By CABANA CLUB Against All Defendants)

21.     CABANA CLUB repeats, re-alleges, and incorporates herein by reference, the allegations set forth in Paragraphs 1 through 20, inclusive, as though fully set forth herein.

22.     CABANA CLUB contends that defendants, and each of them, had a duty to defend and indemnify CABANA CLUB as to all claims made, adjusted and paid pursuant to the ACE USA Policies.

23.     A present dispute and controversy has arisen and now exists between CABANA CLUB on the one hand, and defendants, and each of them, on the other, with regard to the obligations of Defendants, and each of them, pursuant to ACE USA Policies.  CABANA CLUB contends that, pursuant to the ACE USA Policies, Defendants, and each of them had a duty to defend and indemnify CABANA CLUB as to all claims made, adjusted and paid pursuant to the ACE USA Policies.  CABANA CLUB is further informed and believes, and thereupon further alleges, that Defendants, and each of them, dispute this contention and take the position that Defendants, and each of them, owed no such obligation under the ACE USA Policies, and further deny any obligation whatsoever to defend and indemnify CABANA CLUB.

24.     CABANA CLUB desires a judicial determination of the rights and obligations of the parties under their respective policies.  Specifically, CABANA CLUB requests that the Court declare that Defendants, and each of them, has/had a duty to defend and indemnify CABANA CLUB as to all such claims made, adjusted and paid pursuant to the ACE USA Policies.

25.     A declaration by this Court is necessary and appropriate in order to resolve the present dispute and controversy between the parties with regard to the obligation of Defendants, and each of them, to defend and indemnify CABANA CLUB as to all such claims made, adjusted and paid pursuant to the ACE USA Policies.

26.     CABANA CLUB has no adequate remedy at law.

27.     Declaratory relief from this Court will terminate the present dispute and

5

EXH A
000005

1    controversy.

2

3                              **SECOND CAUSE OF ACTION**

4              (For Breach of Contract By CABANA CLUB Against All Defendants)

5         28.    CABANA CLUB repeats, re-alleges, and incorporates herein by reference, the

6    allegations set forth in Paragraphs 1 through 27, inclusive, as though fully set forth herein.

7         29.    CABANA CLUB is informed and believes, and thereupon alleges, that as set

8    forth above, CABANA CLUB has duly performed each and every covenant and/or condition of

9    the ACE USA Policies and/or has been excused from so performing as a result of the breaches

10   by Defendants, and each of them, of their respective insurance agreement(s).

11        30.    CABANA CLUB is informed and believes, and thereupon alleges, that pursuant

12   to the terms of the ACE USA Policies, Defendants, and each of them, agreed to defend and

13   indemnify CABANA CLUB as to any and all damages for any claims potentially within the

14   scope of coverage provided by ACE USA Policies.  CABANA CLUB is further informed and

15   believes, and thereupon further alleges, that said duty included a duty to defend all such claims

16   and to conduct an adequate investigation of any claims.

17        31.    CABANA CLUB is informed and believes, and thereupon alleges, that

18   Defendants, and each of them, by their own act and/or omissions and/or the acts and/or

19   omissions of others chargeable to them, materially breached the terms the of the ACE USA

20   Policies including but not necessarily limited to, the failure and refusal of Defendants, each

21   of them, to do one or more of the following:

22              a.     Adequately respond to the written notice of the claim, the demand for a

23                     defense and other correspondence;

24              b.     Adequately investigate the underlying claim;

25              c.     Provide an appropriate defense to CABANA CLUB;

26              d.     Reimburse CABANA CLUB for attorneys' fees and other costs

27                     associated with the mitigation, investigation, defense and settlement of

28                     the claim.

                                            6
                    COMPLAINT OF VENUE MANAGEMENT SYSTEMS, INC. AND
                    1430 NORTH CAHUENGA PARTNERS, LP dba CABANA CLUB

P.K. SCHRIEFFER LLP
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone:  (626) 373-2444
Facsimile:  (626) 974-8403
www.pkslip.com

EXH A
000006

32.   CABANA CLUB is further informed and believes, and thereupon further alleges, that Defendants, and each of them, by their own act and/or omissions and/or the acts and/or omissions of others chargeable to them, materially breached the terms the of the ACE USA Policies including but not necessarily limited to, the acts by Defendants, and each of them, as follows:

    a.   Wrongfully and without proper justification initiating a fraud investigation in connection with the ACE Policies;

    b.   Wrongfully, incorrectly, and illegally, takking the position that the aforementioned claims that were made, adjusted and paid pursuant to the ACE USA Policies were done so improperly, illegitimately and illegally;

    c.   Wrongfully, incorrectly, and illegally, demanding reimbursement for all sums paid pursuant to the ACE USA Policies.

33.   PLAINTIFFS are informed and believe, and thereupon allege, that Defendants, and each of them, refused, and continue to refuse, to indemnify, CABANA CLUB pursuant toth terms of the ACE USA Policies.

34.   CABANA CLUB is informed and believes, and thereupon alleges, that as a direct and proximate result of each of the breaches by Defendants, and each of them, of their contractual duties under the ACE USA Policies, CABANA CLUB has been damaged in an amount to be determined at trial, according to proof, but in an amount within the jurisdiction of this Court.

### THIRD CAUSE OF ACTION

**(For Breach of the Implied Covenant of Good Faith and Fair Dealing By CABANA CLUB Against All Defendants)**

35.   CABANA CLUB repeats, re-alleges, and incorporates herein by reference, the allegations set forth in Paragraphs 1 through 34, inclusive, as though fully set forth herein.

36.   CABANA CLUB is informed and believes, and thereupon alleges, that at all material times, Defendants, and each of them, had the duty to act fairly and in good faith toward

P.K. SCHIFFER, L.L.P.
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone: (626) 373-2444
Facsimile: (626) 974-8403
www.pksllp.com

7

EXH A
000007

1  PLAINTIFF's Assignee in carrying out their responsibilities under their respective policy(ies) of

2  insurance.

3      37.    CABANA CLUB is informed and believes, and thereupon alleges, that pursuant

4  to the ACE USA Policies, Defendants, and each of them, had an implicit obligation to act fairly

5  and in good faith to CABANA CLUB, to promptly and reasonably investigate claims, and to

6  make reasonable coverage decisions.

7      38.    CABANA CLUB is informed and believes, and thereupon alleges, that

8  Defendants, and each of them, among other things, agreed to defend and indemnify CABANA

9  CLUB against claims and suits brought against CABANA CLUB even if said claims or suits

10 were groundless, false or fraudulent.  CABANA CLUB is further informed and believes, and

11 thereupon further alleges, that Defendants, and each of them, also had a duty to conduct an

12 adequate investigation of all claims made, adjusted and paid pursuant to the ACE USA Policies.

13     39.    CABANA CLUB is informed and believes, and thereupon alleges, that

14 Defendants, and each of them, without proper cause, breached their obligation to act fairly and

15 in good faith toward CABANA CLUB by doing one or more of the following:

16          a.    Failing to conduct a reasonable, prompt and unbiased investigation into

17              all claims made, adjusted and paid pursuant to the ACE USA Policies;

18          b.    Delaying and/or failing to reach a decision as to whether to provide a

19              defense and/or coverage for all claims made, adjusted and paid pursuant

20              to the ACE USA Policies;

21          c.    Failing to provide a defense and/or coverage to CABANA CLUB as to all

22              claims made, adjusted and paid pursuant to the ACE USA Policies

23              without proper cause and without regard to the provisions of the ACE

24              USA Policies, relevant case law, facts alleged in said claims or otherwise

25              available to Defendants, and each of them, through reasonable

26              investigation;

27          d.    Basing coverage decisions on the desire of Defendants, and each of them,

28              to reduce or avoid their obligations to CABANA CLUB;

PIK SCHREFFER LLP
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone: (626) 373-2444
Facsimile: (626) 974-8405
www.piklip.com

EXH A
000008

F.K. SCHEFFER LLP
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone: (626) 373-2444
Facsimile: (626) 974-8403
www.pkslllp.com

e.   Refusing to defend and indemnify CABANA CLUB as to all claims made, adjusted and paid pursuant to the ACE USA Policies, with the intention of coercing CABANA CLUB to forego the benefits of the ACE USA Policies;

f.   Failing to acknowledge communications from, or on behalf of, CABANA CLUB in violation of Sections 2695.5, 2695.6 and 2695.7 of the *California Code of Regulations*;

g.   Instituting and maintaining procedures, policies and/or employment compensation plans which impair or preclude fair claims handling;

h.   Wrongfully and without proper justification initiating a fraud investigation in connection with the ACE Policies;

i.   Wrongfully, incorrectly, and illegally, takking the position that the aforementioned claims that were made, adjusted and paid pursuant to the ACE USA Policies were done so improperly, illegitimately and illegally;

j.   Wrongfully, incorrectly, and illegally, demanding reimbursement for all sums paid pursuant to the ACE USA Policies.

k.   Taking the actions referenced in subparagraphs "a" through "k," inclusive, as referenced above, as part of a systematic and deliberate scheme to withhold policy benefits that would otherwise be due.

40.   CABANA CLUB is informed and believes, and thereupon alleges, that Defendants, and each of them, have refused, and continues to refuse, to defend and indemnify CABANA CLUB as to all claims made, adjusted and paid pursuant to the ACE USA Policies, in violation of the express terms of the ACE USA Policies.

41.   CABANA CLUB is informed and believes, and thereupon alleges, that the officers, directors and/or managing agents and/or employees of Defendants, and each of them, participated in, authorized and/or ratified the wrongful conduct alleged above.

42.   CABANA CLUB is informed and believes, and thereupon alleges, that as a direct and proximate result of each of the breaches by Defendants, and each of them, of their

9

EXH A
000009

R.K. SCHRIEFFER, LLP
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone: (626) 373-2444
Facsimile: (626) 974-8405
www.pksllp.com

1   respective contractual duties under their respective policy(ies) of insurance, CABANA CLUB

2   has been damaged in an amount to be determined at trial, according to proof, but in an amount

3   within the jurisdiction of this Court.

4        43.    CABANA CLUB is informed and believes, and thereupon alleges, that it is

5   further entitled to recover as damages from Defendants, and each of them, all fees, expenses and

6   costs incurred in bringing this action to enforce its rights under the ACB USA Policies issued

7   by defendants, and each of them, plus interest thereupon, according to proof.

8        44.    CABANA CLUB is informed and believes, and thereupon alleges, that the above

9   described conduct of Defendants, and each of them, has been, and continues to be,

10  unreasonable, capricious and arbitrary, and constitutes a breach of the covenant of good faith

11  and fair dealing contained in their respective policies of insurance.  CABANA CLUB is further

12  informed and believes, and thereupon further alleges, that the above described conduct further

13  constitutes malicious, oppressive and despicable conduct and conscious disregard of the rights

14  of CABANA CLUB, and stems from improper and evil motives, including the desire of

15  Defendants, and each of them, to reduce or avoid their obligations to CABANA CLUB so as to

16  justify an award of punitive and exemplary damages.  Additionally, CABANA CLUB is

17  informed and believes, and thereupon alleges, that the acts of Defendants, and each of them, as

18  described in the above paragraphs, constitute a systematic, methodical and general scheme to

19  improperly, unfairly and unreasonably deprive insureds, such as CABANA CLUB, of the

20  benefits of insurance coverage to which they are entitled.

21

22                      **FOURTH CAUSE OF ACTION**

23              (Intentional Interference with Prospective Economic

24                  Advantage By VMS Against All Defendants)

25       45.    VMS repeats, re-alleges, and incorporates herein by reference, the allegations set

26  forth in Paragraphs 1 through 44, inclusive, as though fully set forth herein.

27       46.    At all material times hereto, an economic relationship existed between VMS and

28  its client, CABANA CLUB, whereby VMS provided services to CABANA CLUB as a PEO, as

COMPLAINT OF VENUE MANAGEMENT SYSTEMS, INC. AND
1430 NORTH CAHUENGA PARTNERS, LP dba CABANA CLUB

EXH A
000010

1    alleged herein. The relationship between VMS and CABANA CLUB existed at all material
2    times hereto and represented a probable future economic benefit for VMS.

3        47.    VMS is informed and believes, and thereupon alleges, that Defendants, and each
4    of them, knew and/or should have known of the existence of this relationship.

5        48.    VMS is informed and believes, and thereupon alleges, that Defendants, and each
6    of them, by and through their agents, including, but not necessarily limited to, Mr. Michael
7    Santangelo, contacted CABANA CLUB and represented, stated, intimated and/or implied that
8    VMS engaged in wrongful conduct toward CABANA CLUB, including that VMS may have
9    misappropriated, misapplied and/or embezzled funds from CABANA CLUB which were to
10   have been applied to the premiums for the ACE USA Policies and/or represented premium
11   refunds from the ACE USA Policies.

12       49.    VMS is informed and believes, and thereupon alleges, that Defendants, and each
13   of them, knew and/or should have known that the aforementioned statements were false.
14   Furthermore, Defendants had no good cause for making the aforementioned statements to
15   VMS's client, CABANA CLUB.

16       50.    VMS is informed and believes, and thereupon alleges, that in making the
17   aforementioned false statements, Defendants, and each of them, intentionally engaged in
18   wrongful conduct designed to interfere with or disrupt the relationship between VMS and its
19   client, CABANA CLUB.

20       51.    VMS is informed and believes, and thereupon alleges, that as a result of this
21   interference, the economic relationship between VMS and its client, CABANA CLUB was
22   actually interfered with insofar as Defendants, and each of them, has attributed and/or suggested
23   inappropriate, unethical and/or illegal conduct by VMS as to its clients, which has materially
24   impaired the economic relationship between VMS and its client, CABANA CLUB, and has
25   wrongfully, improperly and without proper justification created the prospect of distrust by
26   CABANA CLUB of VMS.

27       52.    VMS is informed and believes, and thereupon alleges, that the conduct by
28   Defendants, and each of them, was designed to interfere with and disrupt the relationship

PK SCHIEFFER LLP
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone: (626) 373-2444
Facsimile: (626) 974-8403
www.pksllp.com

11

EXH A
000011

1   between VMS and its client, CABANA CLUB, and has, in fact, done so.

2       53.    VMS is informed and believes, and thereupon alleges, that as a direct result of

3   the wrongful conduct by Defendants, and each of them, VMS has been damaged in an amount

4   to be proven at trial.

5       54.    VMS is informed and believes, and thereupon alleges, that Defendants and each

6   of them acted willfully, maliciously, oppressively, and with the intent of harming VMS, as

7   alleged herein, thereby entitling VMS to punitive and exemplary damages as against

8   Defendants, and each of them.

9

10   ### FIFTH CAUSE OF ACTION

11   (Negligent Interference with Prospective Economic

12   Advantage By VMS Against All Defendants)

13       55.    VMS repeats, re-alleges, and incorporates herein by reference, the allegations set

14   forth in Paragraphs 1 through 54, inclusive, as though fully set forth herein.

15       56.    At all material times hereto, an economic relationship existed between VMS and

16   its client, CABANA CLUB, whereby VMS provided services to CABANA CLUB as a PEO, as

17   alleged herein. The relationship between VMS and CABANA CLUB existed at all material

18   times hereto and represented a probable future economic benefit for VMS.

19       57.    VMS is informed and believes, and thereupon alleges, that Defendants, and each

20   of them, knew and/or should have known of the existence of this relationship.

21       58.    VMS is informed and believes, and thereupon alleges, that Defendants, and each

22   of them, by and through their agents, including, but not necessarily limited to, Mr. Michael

23   Santangelo, contacted CABANA CLUB and represented, stated, intimated and/or implied that

24   VMS engaged in wrongful conduct toward CABANA CLUB, including that VMS may have

25   misappropriated, misapplied and/or embezzled funds from CABANA CLUB which were to

26   have been applied to the premiums for the ACE USA Policies and/or represented premium

27   refunds from the ACE USA Policies.

28       59.    VMS is informed and believes, and thereupon alleges, that Defendants, and each

P.K. SCHRIEFFER LLP
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone: (626) 373-2444
Facsimile: (626) 974-8403
www.pkslip.com

12

EXH A
000012

1   of them, knew and/or should have known that the aforementioned statements were false.

2   Furthermore, Defendants had no good cause for making the aforementioned statements to

3   VMS's client, CABANA CLUB.

4        60.    VMS is informed and believes, and thereupon alleges, that In making the

5   aforementioned false statements, Defendants, and each of them, intentionally engaged in

6   wrongful conduct designed to interfere with or disrupt the relationship between VMS and its

7   client, CABANA CLUB.

8        61.    VMS is informed and believes, and thereupon alleges, that As a result of this

9   interference, the economic relationship between VMS and its client, CABANA CLUB was

10  actually interfered with insofar as Defendants, and each of them, has attributed and/or suggested

11  inappropriate, unethical and/or illegal conduct by VMS as to its clients, which has materially

12  impaired the economic relationship between VMS and its client, CABANA CLUB, and has

13  wrongfully, improperly and without proper justification created the prospect of distrust by

14  CABANA CLUB of VMS.

15       62.    VMS is informed and believes, and thereupon alleges, that The conduct by

16  Defendants, and each of them, was designed to interfere with and disrupt the relationship

17  between VMS and its client, CABANA CLUB, and has, in fact, done so.

18       63.    VMS is informed and believes, and thereupon alleges, that As a direct result of

19  the wrongful conduct by Defendants, and each of them, VMS has been damaged in an amount

20  to be proven at trial.

21

22                **SIXTH CAUSE OF ACTION**

23         (Defamation *Per Se* By VMS Against All Defendants)

24       64.    VMS repeats, re-alleges, and incorporates herein by reference, the allegations set

25  forth in Paragraphs 1 through 63, inclusive, as though fully set forth herein.

26       65.    At all material times hereto, VMS provided services to its client, CABANA

27  CLUB, as a PEO, as alleged herein.

28       66.    VMS is informed and believes, and thereupon alleges, that Defendants, and each

P.K. SCHRIEFFER LLP
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone: (626) 373-2444
Facsimile: (626) 974-8405
www.pksllp.com

13

EXH A
000013

of them, knew and/or should have known of the existence of this relationship.

67.   VMS is informed and believes, and thereupon alleges, that Defendants, and each of them, by and through their agents, including, but not necessarily limited to, Mr. Michael Santangelo, contacted CABANA CLUB and represented, stated, intimated and/or implied that VMS engaged in wrongful conduct toward CABANA CLUB, including that VMS may have misappropriated, misapplied and/or embezzled funds from CABANA CLUB which were to have been applied to the premiums for the ACE USA Policies and/or represented premium refunds from the ACE USA Policies.

68.   VMS is informed and believes, and thereupon alleges, that CABANA CLUB reasonably understood the aforementioned statements by Defendants, and each of them, were of and concerning VMS.

69.   VMS is informed and believes, and thereupon alleges, that CABANA CLUB reasonably understood the aforementioned statements by Defendants, and each of them, to mean that VMS was not fit to perform its function as a PEO for CABANA CLUB by reason of, including, but not necessarily limited to false assertions, intimations suggestions and/or implications that VMS may have misappropriated, misapplied and/or embezzled funds from CABANA CLUB which were to have been applied to the premiums for the ACE USA Policies and/or represented premium refunds from the ACE USA Policies.

70.   VMS is informed and believes, and thereupon alleges, that Defendants, and each of them, have attributed and/or suggested inappropriate, unethical and/or illegal conduct by VMS as to its client, CABANA CLUB.

71.   VMS is informed and believes, and thereupon alleges, that Defendants, and each of them, knew and/or should have known that the aforementioned statements were false. Furthermore, VMS is further informed and believes, and thereupon further alleges, that, Defendants, and each of them, failed to use and exercise reasonable care to determine the truth or falsity of the aforementioned statements.

72.   In making the aforementioned false statements, Defendants, and each of them, intentionally engaged in wrongful conduct with knowing falsity of the aforementioned

PK SCHRIEFFER LLP
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone: (626) 373-2444
Facsimile: (626) 974-8403
www.pkslp.com

14

COMPLAINT OF VENUE MANAGEMENT SYSTEMS, INC. AND
1430 NORTH CAHUENGA PARTNERS, LP dba CABANA CLUB

EXH A
000014

1   statements and/or a reckless regard for the truth or falsity thereof.

2       73.   As a direct result of the wrongful conduct by Defendants, and each of them,

3   VMS has been damaged in an amount to be proven at trial.

4       74.   VMS is informed and believes, and thereupon alleges, that Defendants and each

5   of them acted willfully, maliciously, oppressively, and with the intent of harming VMS, as

6   alleged herein, thereby entitling VMS to punitive and exemplary damages as against

7   Defendants, and each of them.

8

9       WHEREFORE, PLAINTIFFS pray for relief against Defendants, and each of them, as

10  follows:

11

12              ON THE FIRST CAUSE OF ACTION

13      (For Declaratory Relief Regarding the Duty to Indemnify

14          By CABANA CLUB Against All Defendants)

15      1.   For a declaration of the parties' rights and obligations under the ACE USA

16  Policies at issue in this action;

17      2.   For a declaration that, pursuant to ACE USA Policies, Defendants, and each of

18  them had a duty to defend and indemnify CABANA CLUB as to all claims made, adjusted and

19  paid pursuant to the ACE USA Policies;

20

21              ON THE SECOND CAUSE OF ACTION

22      3.   (For Breach of Contract By CABANA CLUB Against All Defendants)

23      4.   For compensatory damages in an amount to be determined at trial, together with

24  interest thereon, according to proof, but in an amount within the jurisdiction of this Court;

25      5.   For consequential damages according to proof, but in an amount within the

26  jurisdiction of this Court;

27  ///

28  ///

P.K. SCHRIEFFER LLP
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone: (626) 373-2444
Facsimile: (626) 974-8405
www.pkschp.com

15

EXH A
000015

P.K. SCHIEFFER LLP
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone: (626) 373-2444
Facsimile: (626) 974-8403
www.pkslllp.com

### ON THE THIRD CAUSE OF ACTION

(For Breach of the Implied Covenant of Good Faith and Fair Dealing

By CABANA CLUB Against All Defendants)

6.   For compensatory damages in an amount to be determined at trial, together with interest thereon, according to proof, but in an amount within the jurisdiction of this Court;

7.   For consequential damages according to proof, but in an amount within the jurisdiction of this Court;

8.   For punitive and exemplary damages, according to proof;

### ON THE FOURTH CAUSE OF ACTION

(Intentional Interference with Prospective Economic

Advantage By VMS Against All Defendants)

9.   For general damages in an amount to be determined at trial, together with interest thereon, according to proof, but in an amount within the jurisdiction of this Court;

10.   For compensatory damages according to proof, but in an amount within the jurisdiction of this Court;

11.   For punitive damages, according to proof;

### ON THE FIFTH CAUSE OF ACTION

(Negligent Interference with Prospective Economic

Advantage By VMS Against All Defendants)

12.   For general damages in an amount to be determined at trial, together with interest thereon, according to proof, but in an amount within the jurisdiction of this Court;

13.   For compensatory damages according to proof, but in an amount within the jurisdiction of this Court;

///

///

///

16

COMPLAINT OF VENUE MANAGEMENT SYSTEMS, INC. AND
1430 NORTH CAHUENGA PARTNERS, LP dba CABANA CLUB

EXH A
000016

### ON THE SIXTH CAUSE OF ACTION

#### (Defamation *Per Se* By VMS Against All Defendants)

14.    For general damages in an amount to be determined at trial, together with interest thereon, according to proof, but in an amount within the jurisdiction of this Court;

15.    For compensatory damages according to proof, but in an amount within the jurisdiction of this Court;

16.    For punitive and exemplary damages, according to proof;

### FOR ALL CAUSES OF ACTION

17.    For damages in an amount to be proven at trial;

18.    For attorneys' fees, together with the costs of suit, incurred in this litigation;

19.    For prejudgment interest at the legal rate of ten percent (10%) per annum; and,

20.    For any such other and further relief as this Court deems just and proper.

Dated: November 27, 2012        P.K. SCHRIEFFER LLP

By:

Paul K. Schrieffer, Esq.
Stanley R. Escalante, Esq.
Attorneys for Plaintiffs VENUE
MANAGEMENT SYSTEMS, INC. and 1430
NORTH CAHUENGA PARTNERS, LP dba
CABANA CLUB

P.K. SCHRIEFFER LLP
100 N. Barranca Avenue, Suite 1100
West Covina, California 91791
Telephone: (626) 373-2444
Facsimile: (626) 974-8403
www.pkslp.com

17

EXH A
000017

CM-010

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Stanley R. Escalante, Esq.   (Bar # 192474)<br>P.K. Schrieffer LLP<br>100 N. Barranca Street, Suite 1100<br>West Covina, CA 91791<br>TELEPHONE NO: (626) 373-2444       FAX NO: (626) 974-8403<br>ATTORNEY FOR (Name): Plaintiffs | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>NOV 27 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____ Deputy<br>Mary Piper |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Same As Above
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central

CASE NAME:
Venue Management Systems, Inc., et al. v. ACE Fire Underwriters Insurance Compay, et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>BC 49 6 34 4 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [X] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action (specify): SIX (6)
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 27, 2012

Stanley R. Escalante
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

EXH A
000018

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
    Wrongful Death
  Product Liability (*not asbestos or toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice—
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
Non-PI/PD/WD (Other) Tort
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
Employment
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach-Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
Real Property
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
Unlawful Detainer
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
Judicial Review
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ-Administrative Mandamus
    Writ-Mandamus on Limited Court
      Case Matter
    Writ-Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal-Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (arising from provisionally complex case type listed above) (41)
Enforcement of Judgment
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
Miscellaneous Civil Complaint
  RICO (27)
  Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)
Miscellaneous Civil Petition
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

EXH A
000019



| SHORT TITLE: Venue Management, et al. v. ACE Fire Underwriters, et al. | CASE NUMBER: BC496344 |
|---|---|

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7-10 ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps -- if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | Civil Case Cover Sheet Category No. | Type of Action (Check only one) | Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

EXH A
000020

| SHORT TITLE: Venue Management, et al. v. ACE Fire Underwriters, et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☑ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)  
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 2 of 4

EXH A
000021

| SHORT TITLE: Venue Management, et al. v. ACE Fire Underwriters, et al. | CASE NUMBER |
|---|---|

| | A | B | C |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 8. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

EXH A
000022

| SHORT TITLE: Venue Management, et al. v. ACE Fire Underwriters, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>□1. ☑2. □3. □4. ☑5. □6. □7. □8. □9. □10. | ADDRESS:<br>1439 Ivar Avenue |
|---|---|

| CITY:<br>Hollywood | STATE:<br>CA | ZIP CODE:<br>90028 |
|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____Stanley Mosk_____ courthouse in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: November 27, 2012

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

EXH A
000023

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)**
Case Number _____

**BC 49 634 &**

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Michael P. Linfield | 10 | 631 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | Hon. John L. Segal | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Ramona See | 69 | 621 | |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Daniel Buckley | 35 | 411 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. William F. Fahey | 78 | 730 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle** | **323** | **CCW** | |
| Hon. Ronald M. Sohigian | 41 | 417 | other | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | |
| Hon. Fredrick C. Shaller | 46 | 601 | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 1 of 2

EXH A
000024

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

EXH A
000025

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

   **Cases for Which Arbitration May Be Appropriate**
   Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

   **Cases for Which Arbitration May Not Be Appropriate**
   If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

   **Cases for Which Mediation May Be Appropriate**
   Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

   **Cases for Which Mediation May Not Be Appropriate**
   Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

   **Cases for Which Neutral Evaluation May Be Appropriate**
   Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

   **Cases for Which Neutral Evaluation May Not Be Appropriate**
   Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 01-12)          **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**          Cal. Rules of Court, rule 3.221
LASC Adopted 10-03                                                                                  Page 1 of 2
For Mandatory Use

EXH A
000026

## COURT ADR PROGRAMS

**CIVIL:**

- Arbitration (non-binding) (Code Civ. Proc. §§ 1141.10-1141.31, Cal. Rules of Court, rules 3.810-3.830, and Local Rules, rule 3.252 et seq.)
- Mediation (Code Civ. Proc. §§ 1775-1775.15, Cal. Rules of Court, rules 3.850-3.860, 3.865-3.872 and 3.890-3.898, Evid. Code §§ 1115-1128, and Local Rules, rule 3.252 et seq.)
  - o Civil Harassment Mediation
  - o Eminent Domain Mediation (Code Civ. Proc. §1250.420)
  - o Small Claims Mediation
- Neutral Evaluation (Local Rules, rule 3.252 et seq.)
- Settlement Conference
  - o Voluntary Settlement Conference (Local Rules, rule 3.252 et seq.)
  - o Retired Judge Settlement Conference

**FAMILY (non-custody):**

- Arbitration (non-binding) (Fam. Code § 2554 and Local Rules, rule 5.18)
- Mediation (Local Rules, rule 5.18)
- Settlement Conference
  - o Forensic Certified Public Accountant (CPA)
  - o Spanish Speaking Settlement Conference

**PROBATE:**

- Mediation
- Settlement Conference

### NEUTRAL SELECTION

Parties may select an arbitrator, mediator, or evaluator from the Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Panel, the ADR staff will assign on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| Party Select Panel | The Party Select Panel consists of arbitrators, mediators, and evaluators who have achieved a specified level of experience in court-annexed cases. The parties (collectively) are charged $150.00 per hour for the first three hours of hearing time. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral. |
|---|---|
| Random Select Panel | The Random Select Panel consists of trained arbitrators, mediators, evaluators, and settlement officers who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that Random Select Panel neutrals provide three hours hearing time per case on a pro bono basis. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | 1st Fl. | Lancaster, CA 93534 | 661-974-7275 | 661-945-6773 | AntelopeADR@lasuperiorcourt.org |
| Chatsworth | 9425 Penfield Ave. | 3100 | Chatsworth, CA 91311 | 818-576-8565 | 818-576-8733 | ChatsworthADR@lasuperiorcourt.org |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | 310-603-3072 | 310-223-0337 | ComptonADR@lasuperiorcourt.org |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | 818-500-3160 | 818-548-5470 | GlendaleADR@lasuperiorcourt.org |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | 562-491-6272 | 562-437-3602 | LongBeachADR@lasuperiorcourt.org |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | 562-807-7243 | 562-462-8016 | NorwalkADR@lasuperiorcourt.org |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | 626-356-5685 | 626-660-1774 | PasadenaADR@lasuperiorcourt.org |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | 909-620-3183 | 909-629-6283 | PomonaADR@lasuperiorcourt.org |
| San Pedro | 505 S. Centre St. | 209 | San Pedro, CA 90731 | 310-519-6151 | 310-514-6314 | SanPedroADR@lasuperiorcourt.org |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | 310-260-1829 | 310-319-6130 | SantaMonicaADR@lasuperiorcourt.org |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | 213-974-5425 | 213-633-5115 | CentralADR@lasuperiorcourt.org |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | 310-222-1701 | 310-782-7326 | TorranceADR@lasuperiorcourt.org |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | 818-374-2337 | 818-902-2440 | VanNuysADR@lasuperiorcourt.org |

LAADR 005 (Rev. 01-12)  
LASC Adopted 10-03  
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221  
Page 2 of 2

EXH A  
000027

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK                    ALTERNATIVE DISPUTE RESOLUTION (ADR) DEPARTMENT

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act (DRPA) to provide information about the availability of local dispute resolution programs funded under DRPA. For more information regarding these programs, contact the Los Angeles County Department of Community and Senior Services Contracts Administration Office at 213-738-2621. The following is a list of the local dispute resolution programs funded in Los Angeles County.

Superior Court of California, County of Los Angeles, ADR Office 213-974-5425
www.lasuperiorcourt.org/ADR

---

**STAFF AND VOLUNTEERS OF THE FOLLOWING AGENCIES ARE NOT EMPLOYEES OF THE SUPERIOR COURT:**

---

Asian-Pacific American Dispute Resolution Center 213-250-8190 www.apadrc.org

California Academy of Mediation Professionals 818-377-7250 www.campmediation.org

California Lawyers for the Arts, Arbitration, and Mediation Service 310-998-5590
www.calawyersforthearts.org

Center for Civic Mediation 877-473-7658 213-896-6533 www.centerforcivicmediation.org

Center for Conflict Resolution 818-705-1090 www.ccr4peace.org

Centinela Youth Services, City of Hawthorne 310-970-7702 www.cys.la.org

Inland Valleys Justice Center 877-832-9325 www.ivjc.org

Korean American Coalition 4.29 Dispute Resolution Center 213-365-5999 www.kacla.org

Los Angeles County Department of Consumer Affairs, Dispute Settlement Services 213-974-0825
www.dca.lacounty.gov

Loyola Law School, The Center for Conflict Resolution 213-736-1145 www.lls.edu/ccr

Norwalk Dispute Resolution Program 562-929-5603 www.ci.norwalk.ca.us/socialservices2.asp

Office of the Los Angeles City Attorney, Dispute Resolution Program 213-485-8324
www.atty.lacity.org/mediate

---

**THE PROGRAMS LISTED ABOVE DO NOT OFFER LEGAL ADVICE OR HELP YOU RESPOND TO A SUMMONS; HOWEVER, THEY MAY ASSIST IN RESOLVING YOUR PROBLEM THROUGH MEDIATION.**

---

EXH A
000028

| NAME, ADDRESS, TELEPHONE, FAX, and E-MAIL: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
   Click on the button to select the appropriate court address.

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION TO PARTICIPATE IN**<br>**ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|

The undersigned parties in the above-titled action stipulate to participate in the Alternative Dispute Resolution (ADR) process checked below:

- ☐ Mediation
- ☐ Arbitration (non-binding)
- ☐ Arbitration (binding)

- ☐ Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process (describe): _____

| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|---|
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Number of additional pages attached to this document: _____

LAADR 001 (Rev. 04-12)
LASC Approved 10-04
For Optional Use

**STIPULATION TO PARTICIPATE IN**
**ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 1

EXH A
000029

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**

**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  
E-MAIL ADDRESS (Optional):  
ATTORNEY FOR (Name):  
FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core."):

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

EXH A
000031

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "Civil" and then under "General Information").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
         (INSERT DATE)                       (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____    ➤    _____
      (TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)

Date:

_____    ➤    _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤    _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤    _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤    _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR _____ )

Date:

_____    ➤    _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR _____ )

Date:

_____    ➤    _____
      (TYPE OR PRINT NAME)                           (ATTORNEY FOR _____ )

EXH A
000032

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

   i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

   ii. Include a brief summary of the dispute and specify the relief requested; and

   iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

   i. Also be filed on the approved form (copy attached);

   ii. Include a brief summary of why the requested relief should be denied;

EXH A
000033

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

    c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

    d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

    e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

EXH A
000034

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
|  |  |  |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

_____
(ATTORNEY FOR _____ )

> _____
(ATTORNEY FOR _____ )

> _____
(ATTORNEY FOR _____ )

LACIV 036 (new)
LASC Approved 04/11            **STIPULATION – DISCOVERY RESOLUTION**            Page 3 of 3

EXH A
000035

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)                    **INFORMAL DISCOVERY CONFERENCE**
LASC Approved 04/11         (pursuant to the Discovery Resolution Stipulation of the parties)

EXH A
000036

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

EXH A
000037

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

LACIV 075 (new)
LASC Approved 04/11    STIPULATION AND ORDER – MOTIONS IN LIMINE    Page 2 of 2

EXH A
000038

EXHIBIT B

12/7/12   11:53am

≙ ≙ C O P Y ≙ ≙

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ACE FIRE UNDERWRITERS INSURANCE COMPANY & PACIFIC EMPLOYERS
INSURANCE COMPANY, a business entity, form unknown; and DOES 1 TO 300, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
VENUE MANAGEMENT SYSTEMS, INC., and 1430 NORTH
CAHUENGA PARTNERS, LP dba CABANA CLUB

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 27 2012

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Mary Flores

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES,<br>CENTRAL DISTRICT, 111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC 496344 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stanley R. Escalante, Esq.   (Bar # 192474)                Fax No.: (626) 974-8403
P.K. Schrieffer, LLP, 100 North Barranca, Suite 1100, West Covina, CA 91791   Phone No.: (626) 373-2444

DATE:                              JOHN A. CLARKE         Clerk, by                Mary Flores   Deputy
*(Fecha)*                                                *(Secretario)*                            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

LexisNexis® Automated California Judicial Council Forms

EXH B
000039

EXHIBIT C

California Secretary of State Debra Bowen

| Secretary of State | Administration | Elections | Business Programs | Political Reform | Archives | Registries |

**Business Entities (BE)**

Online Services
- E-File Statements of
  Information for
  Corporations
- Business Search
- Processing Times
- Disclosure Search

Main Page

Service Options

Name Availability

Forms, Samples & Fees

Statements of Information
(annual/biennial reports)

Filing Tips

Information Requests
(certificates, copies &
status reports)

Service of Process

FAQs

Contact Information

Resources
- Business Resources
- Tax Information
- Starting A Business

Customer Alerts
- Business Identity Theft
- Misleading Business
  Solicitations

# Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Tuesday, June 25, 2013. Please refer to **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | VENUE MANAGEMENT SYSTEMS INC. |
| Entity Number: | C2728417 |
| Date Filed: | 03/17/2005 |
| Status: | ACTIVE |
| Jurisdiction: | CALIFORNIA |
| Entity Address: | 577 W COVINA BLVD |
| Entity City, State, Zip: | SAN DIMAS CA 91773 |
| Agent for Service of Process: | PAUL K SCHRIEFFER |
| Agent Address: | 100 N BARRANCA AVE #1100 |
| Agent City, State, Zip: | WEST COVINA CA 91791 |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search    New Search    Printer Friendly    Back to Search Results**

**Privacy Statement** | **Free Document Readers**

Copyright © 2013   California Secretary of State

EXH C
000040

EXHIBIT D

# California Secretary of State Debra Bowen

Secretary of State    Administration    Elections    Business Programs    Political Reform    Archives    Registries

**Business Entities (BE)**

Online Services
- **E-File Statements of Information for Corporations**
- **Business Search**
- **Processing Times**
- **Disclosure Search**

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Statements of Information** (annual/biennial reports)

**Filing Tips**

**Information Requests** (certificates, copies & status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
- **Business Resources**
- **Tax Information**
- **Starting A Business**

Customer Alerts
- **Business Identity Theft**
- **Misleading Business Solicitations**

## Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Tuesday, June 25, 2013. Please refer to **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| **Entity Name:** | 1430 N. CAHUENGA PARTNERS, L.P. |
| **Entity Number:** | 199827200026 |
| **Date Filed:** | 09/28/1998 |
| **Status:** | ACTIVE |
| **Jurisdiction:** | CALIFORNIA |
| **Entity Address:** | 8030-1 CANBY AVE |
| **Entity City, State, Zip:** | RESEDA CA 91355 |
| **Agent for Service of Process:** | ALAN J. HAJJAR |
| **Agent Address:** | 8030-1 CANBY AVE |
| **Agent City, State, Zip:** | RESEDA CA 91355 |

\* Indicates the information is not contained in the California Secretary of State's database.

\* **Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search**    **New Search**    **Printer Friendly**    **Back to Search Results**

**Privacy Statement** | **Free Document Readers**

Copyright © 2013   California Secretary of State

EXHIBIT E

## California Secretary of State Debra Bowen

Secretary of State      Administration   Elections   Business Programs   Political Reform   Archives   Registries

**Business Entities (BE)**

Online Services
- E-File Statements of
  Information for
  Corporations
- Business Search
- Processing Times
- Disclosure Search

Main Page

Service Options

Name Availability

Forms, Samples & Fees

Statements of Information
(annual/biennial reports)

Filing Tips

Information Requests
(certificates, copies &
status reports)

Service of Process

FAQs

Contact Information

Resources
- Business Resources
- Tax Information
- Starting A Business

Customer Alerts
- Business Identity Theft
- Misleading Business
  Solicitations

# Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Tuesday, June 25, 2013. Please refer to Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | ACE FIRE UNDERWRITERS INSURANCE COMPANY |
| Entity Number: | C2003460 |
| Date Filed: | 03/04/1997 |
| Status: | ACTIVE |
| Jurisdiction: | PENNSYLVANIA |
| Entity Address: | 436 WALNUT ST |
| Entity City, State, Zip: | PHILADELPHIA PA 19106 |
| Agent for Service of Process: | C T CORPORATION SYSTEM |
| Agent Address: | 818 W SEVENTH ST |
| Agent City, State, Zip: | LOS ANGELES CA 90017 |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code section 2114 for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

**Modify Search    New Search    Printer Friendly    Back to Search Results**

Privacy Statement | Free Document Readers

Copyright © 2013   California Secretary of State

EXHIBIT F

California Secretary of State Debra Bowen

| Secretary of State | Administration | Elections | Business Programs | Political Reform | Archives | Registries |

**Business Entities (BE)**

Online Services
- E-File Statements of Information for Corporations
- Business Search
- Processing Times
- Disclosure Search

Main Page

Service Options

Name Availability

Forms, Samples & Fees

Statements of Information (annual/biennial reports)

Filing Tips

Information Requests (certificates, copies & status reports)

Service of Process

FAQs

Contact Information

Resources
- Business Resources
- Tax Information
- Starting A Business

Customer Alerts
- Business Identity Theft
- Misleading Business Solicitations

## Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Tuesday, June 25, 2013. Please refer to Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | PACIFIC EMPLOYERS INSURANCE COMPANY |
| Entity Number: | C0104864 |
| Date Filed: | 07/17/1923 |
| Status: | ACTIVE |
| Jurisdiction: | PENNSYLVANIA |
| Entity Address: | 436 WALNUT ST |
| Entity City, State, Zip: | PHILADELPHIA PA 19106 |
| Agent for Service of Process: | C T CORPORATION SYSTEM |
| Agent Address: | 818 W SEVENTH ST |
| Agent City, State, Zip: | LOS ANGELES CA 90017 |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code section 2114 for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

**Modify Search     New Search     Printer Friendly     Back to Search Results**

Privacy Statement | Free Document Readers
Copyright © 2013   California Secretary of State

EXHIBIT G

1  ASIM K. DESAI [SBN 175402]
2  MARGARET M. DRUGAN [SBN 175324]
   CARLSON, CALLADINE & PETERSON LLP
3  333 South Grand Avenue, Suite 3500
   Los Angeles, California 90071
4  (213) 613-1191/Facsimile (213) 617-1191

5  Attorneys for Defendants,
   ACE FIRE UNDERWRITERS INSURANCE COMPANY
6  and PACIFIC EMPLOYERS INSURANCE COMPANY

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 18 2013

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
SHAUNYA WESLEY

11  VENUE MANAGEMENT SYSTEMS, INC.,      Case No.:        BC 496344
    and 1430 NORTH CAHUENGA             Action Filed:    November 27, 2012
12  PARTNERS, LP dba CABANA CLUB,       Assigned Judge:  Michelle R. Rosenblatt – Dept. 40
                                        Trial Date:      Not yet set
13                 Plaintiff,
                                        ANSWER OF DEFENDANTS ACE FIRE
14       vs.                            UNDERWRITERS INSURANCE
                                        COMPANY AND PACIFIC EMPLOYERS
15  ACE FIRE UNDERWRITERS INSURANCE     INSURANCE COMPANY
    COMPANY & PACIFIC EMPLOYERS
16  INSURANCE COMPANY, a business entity,
    form unknown; and DOES 1 to 300, inclusive,
17
                   Defendants.
18

19

20  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

21       Defendants, ACE FIRE UNDERWRITERS INSURANCE COMPANY and PACIFIC

22  EMPLOYERS INSURANCE COMPANY (collectively, "Defendants") answer the unverified

23  Complaint as follows:

24                           GENERAL DENIAL

25       Pursuant to California Code of Civil Procedure § 431.30, each Defendant denies generally

26  and specifically each and every allegation contained in the Complaint and the whole thereof,

27  including each and every purported cause of action therein, and further specifically denies that

28  Plaintiffs VENUE MANAGEMENT SYSTEMS, INC. ("VMS") and 1430 NORTH CAHUENGA

---

CARLSON
CALLADINE &
PETERSON
LLP
333
Los Angeles
900715 Ave
CA E ND

---

DEFENDANTS' ANSWER TO COMPLAINT

EXH G
000044

1   PARTNERS, LLC dba CABANA CLUB ("CABANA CLUB") (collectively "Plaintiffs") have

2   been injured or damaged in any sum, or at all, or are entitled to any relief against or affecting

3   Defendants.

### AFFIRMATIVE DEFENSES

5        By alleging the matters set forth below under the heading "Affirmative Defenses,"

6   Defendants do not allege or admit that it has the burden of proof with respect to any of these

7   matters. At present, Defendants set forth affirmative defenses based upon presently available

8   information and reserve their rights to amend this Answer after discovery to include additional

9   affirmative defenses based upon later acquired information. As and for its separate affirmative

10  defenses, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action Against Ace Fire)

13       Plaintiffs' Complaint fails to set forth facts sufficient to constitute any cause of action

14  against ACE FIRE UNDERWRITERS INSURANCE COMPANY.

### SECOND AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action Against Pacific Employers)

17       Plaintiffs' Complaint fails to set forth facts sufficient to constitute any cause of action

18  against PACIFIC EMPLOYERS INSURANCE COMPANY.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Allege Breach of Insurance Policy Terms)

21       Plaintiff CABANA CLUB's Complaint and each of the causes of action, allegations,

22  claims and contentions asserted in it are barred, in whole or in part, by the terms, definitions,

23  exclusions, conditions and/or limitations contained in the insurance policy at issue that was issued

24  by Defendants.

### FOURTH AFFIRMATIVE DEFENSE

(Failure to Comply with Policy Provisions)

27       Plaintiff CABANA CLUB's Complaint and each of the causes of action, allegations,

28  claims and contentions asserted in it are barred, in whole or in part, because plaintiff failed to

1   perform all obligations and to comply with the terms, conditions and provisions of the insurance

2   policy issued by Defendants.

3   ### FIFTH AFFIRMATIVE DEFENSE

4   (No Facts to Support Declaratory Relief)

5   Plaintiff CABANA CLUB fails to state facts sufficient to constitute a claim for declaratory

6   relief against Defendants.

7   ### SIXTH AFFIRMATIVE DEFENSE

8   (Defendants' Good Faith)

9   At all pertinent times herein, Defendants acted in good faith, dealt fairly with its insured

10   and had a reasonable basis for its actions.

11   ### SEVENTH AFFIRMATIVE DEFENSE

12   (True/Substantially True/Opinion)

13   Any allegedly defamatory statements made concerning Plaintiff VMS were true or

14   substantially true, or were matters of opinion and were, therefore, absolutely privileged under the

15   First and Fourteenth Amendments to the United States Constitution and by of the State

16   Constitution.

17   ### EIGHTH AFFIRMATIVE DEFENSE

18   (California Civil Code §47)

19   Any allegedly defamatory statements made concerning Plaintiff VMS were privileged

20   pursuant to California Civil Code section 47.

21   ### NINTH AFFIRMATIVE DEFENSE

22   (No Knowledge of Falsity or Reckless Disregard)

23   Any allegedly defamatory statements made concerning Plaintiff VMS were not made with

24   knowledge of their falsity and/or with a reckless disregard of their falsity.

25

26   ///

27   ///

28   ///

3

DEFENDANTS' ANSWER TO COMPLAINT

EXH G
000046

### TENTH AFFIRMATIVE DEFENSE

#### (Qualified Privilege)

Any allegedly defamatory statements made concerning Plaintiff VMS were qualifiedly privileged.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Absolute Privilege)

Any allegedly defamatory statements made concerning Plaintiff VMS were absolutely privileged.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Justification)

Any alleged acts and/or communications which it is alleged intentionally or negligently interfered with Plaintiff VMS' prospective economic advantage were justified.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Fraud)

Plaintiffs are barred from recovery to the extent Plaintiffs knowingly failed to accurately report payroll information to Defendants for workers' compensation policies issued to CABANA CLUB.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Negligent misrepresentation)

Plaintiffs are barred from recovery to the extent Plaintiff VMS falsely represented to Defendants that they were not a Professional Employer Organization and Plaintiff CABANA CLUB falsely represented to Defendants that it had no payroll for its employees for the applicable years of the workers' compensation policies at issue although Plaintiffs had no reasonable grounds for believing that its representations were true.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Comparative Fault of Plaintiffs)

Plaintiffs failed to exercise reasonable care concerning the conduct, events, and matters alleged in the Complaint. Plaintiffs' negligence proximately caused or contributed to the damages

4

DEFENDANTS' ANSWER TO COMPLAINT

EXH G
000047

1  sustained by Plaintiffs, if any. Accordingly, any damages to which Plaintiffs might be entitled

2  should be reduced by the amount of fault attributable to Plaintiffs.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Comparative Fault of Plaintiffs' Agents)

Plaintiffs' agents failed to exercise reasonable care concerning the conduct, events, and matters alleged in the Complaint. Plaintiffs' agents' negligence proximately caused or contributed to the damages sustained by Plaintiffs, if any.  Accordingly, any damages to which Plaintiffs might be entitled to should be reduced by the amount of fault attributable to Plaintiffs' agents.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Intentional or Negligent Conduct of Third Parties)

Third-party individuals and entities willfully, or by want of ordinary care, proximately caused or contributed to the damages sustained by Plaintiffs, if any. Accordingly, any damages to which Plaintiffs might be entitled should be apportioned by the amount of fault attributable to such third parties.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Superseding Cause)

Plaintiffs' claims for damages, if any, may not be attributed to the actions of Defendants because fault, if any, attributable to Defendants was superseded by intervening causes.

### NINETEENTH AFFIRMATIVE DEFENSE

(Estoppel/Waiver)

By reason of Plaintiffs' acts and omissions, Plaintiffs have waived and/or are estopped from recovering damages, if any.

### TWENTIETH AFFIRMATIVE DEFENSE

(Laches)

Plaintiffs' Complaint and each cause of action therein is barred, in whole or in part, on the basis of the doctrine of laches.

///

5

DEFENDANTS' ANSWER TO COMPLAINT

EXH G
000048

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unclean hands)

Defendants allege that to the extent that Plaintiffs seek equitable relief, Plaintiffs' inequitable conduct constitutes unclean hands and therefore bars any relief.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs had a duty to take reasonable steps to mitigate damages, if any. Plaintiffs failed to take any such steps, delayed in doing so, or took steps that compounded the alleged damages. Had Plaintiffs timely and diligently taken reasonable steps to mitigate the alleged damages, they would have been reduced or avoided altogether. By failing to mitigate, Plaintiffs are barred, in whole or in part, from recovering damages, if any.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Speculative Damages)

The damages sought by Plaintiffs in the Complaint, or part of them, are the subject of sheer speculation, surmise and/or mere possibility and therefore cannot serve as the basis for a legal recovery.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Evidence Supporting Punitive Damages – Defamation Per Se)

Plaintiff VMS will not be able to establish that Defendants acted with either: a) common law malice; or b) knowledge of the falsity of the statements allegedly made or a reckless disregard of the falsity of the statements allegedly made. As such, Plaintiff VMS is not entitled to punitive damages on its claim for defamation per se.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Evidence Supporting Punitive Damages)

Plaintiffs' Complaint fails to state facts sufficient to support the recovery of punitive or exemplary damages against Defendants.

///

DEFENDANTS' ANSWER TO COMPLAINT

EXH G
000049

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Punitive Damages – Violation of Constitutions)

California Civil Code Section 3294, under which Plaintiffs' claim for punitive or exemplary damages is apparently made, if applicable in this action, is invalid on its face, or as applied to Defendants, pursuant to Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, Article I, Sections 2, 7, 9, 15 and 17, and Article IV, Section 16 of the California Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Reservation of other defenses)

Without restriction, and particularly to the extent that the Plaintiffs' Complaint fails to describe the claims made against Defendants with sufficient particularity to allow Defendants to determine all of its applicable defenses, Defendants hereby reserves their right to assert any and all additional defenses once the precise nature of all the claims are ascertained.

WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiffs take nothing by reason of the Complaint;

2.      That Defendants be awarded their costs and disbursements for this action, including attorneys' fees; and,

3.      For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendants hereby demand a trial by jury for all counts so triable.

Dated: January 17, 2013          CARLSON, CALLADINE & PETERSON LLP

By: _____
Asim K. Desai
Margaret M. Drugan
Attorneys for Defendants,
ACE FIRE UNDERWRITERS INSURANCE
COMPANY and PACIFIC EMPLOYERS
INSURANCE COMPANY

7

DEFENDANTS' ANSWER TO COMPLAINT

EXH G
000050

CARLSON, CALLADINE & PETERSON
Los Angeles, CA & SF

**PROOF OF SERVICE**
*(Code of Civil Procedure §§ 1013a, 1013(a), 1013(e) & 2015.5)*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 South Grand Avenue, Suite 3500, Los Angeles, California 90071.

On January 18, 2013, I served the following document described as ANSWER OF DEFENDANTS ACE FIRE UNDERWRITERS INSURANCE COMPANY AND PACIFIC EMPLOYERS INSURANCE COMPANY on all interested parties in this action by placing [X] a true copy [  ] the original thereof enclosed in sealed envelopes addressed as follows:

Paul K. Schrieffer
Stanley R. Escalante
P. K. Schrieffer LLP
100 North Barranca Street, Suite 1100
West Covina, California 91791
(626) 373-2444/FAX (626) 974-8403

[X]      (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[  ]      (BY FACSIMILE) The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), a copy of said transmission report is attached hereto.

[  ]      (BY OVERNIGHT DELIVERY/COURIER) I deposited such envelope in a box or facility regularly maintained by the express service carrier in an envelope or package designated by the express service carrier with delivery fees provided for.

[  ]      (BY MESSENGER) I caused the foregoing documents to be served by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a messenger for personal service. (A proof of service executed by the messenger will be filed in compliance with the Code of Civil Procedure.)

[X]      (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 18, 2013, at Los Angeles, California.

Monine Zerby

EXH G
000051

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 South Grand Avenue, Suite 3500, Los Angeles, California 90071.

On July 1, 2013, I served the following document described as DEFENDANTS ACE FIRE UNDERWRITERS INSURANCE COMPANY AND PACIFIC EMPLOYERS INSURANCE COMPANY NOTICE OF REMOVAL OF ACTION RE: LOS ANGELES SUPERIOR COURT, CASE NO. BC 496344 on all interested parties in this action by placing [X] a true copy [  ] the original thereof enclosed in sealed envelopes addressed as follows:

Paul K. Schrieffer
Stanley R. Escalante
P. K. Schrieffer LLP
100 North Barranca Street, Suite 1100
West Covina, California  91791
(626) 373-2444/FAX (626) 974-8403

[X]    (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

Executed on July 1, 2013, at Los Angeles, California.

_____
Morine Zerby